Dear Representative Gray,
¶ 0 This office has received your request for an Attorney General's opinion. You asked the following question:
Does the practice of diluting lagoon waste water withsignificant quantities of fresh ground water by concentratedanimal feeding operations constitute a "beneficial use" of freshgroundwater, as required by the Oklahoma Groundwater Law at 82O.S. 1020.1-82 O.S. 1020.22 (1991-1998)?
 BACKGROUND
¶ 1 Concentrated animal feeding operations ("CAFOs") bring together large numbers of animals into relatively small areas. Although this density offers many advantages to the CAFO operator, it creates at least one significant problem — how to dispose of all the manure. One common method is to use water to flush out the barns. Animals are raised on slatted floors so that waste drops below the level at which the animals are kept. Water is then used to flush out this lower level and the mixture of water and animal waste is typically placed into open lagoons. The bulk of the water used to flush out the barn is removed from the lagoon either by evaporation or by recirculation. Eventually, however, something must be done with the animal waste itself. Often CAFO operators will, using fresh groundwater to dilute the waste, pump the waste out of the lagoon and spray it onto nearby fields. This practice simultaneously provides water for the crops or pasture, promotes plant growth through fertilization, and disposes of the animal waste. Your question asks whether this constitutes a "beneficial use" of fresh groundwater under Oklahoma's Groundwater Law.
 BENEFICIAL USE IN OKLAHOMA GROUNDWATER LAW
¶ 2 Any person or entity wanting to use groundwater for any purpose other than domestic use must first apply for and receive a permit from the Oklahoma Water Resources Board ("the Board"). Before granting a permit application, the Board must determine (1) whether the land owned or leased by the applicant overlies a freshwater basin, (2) whether the use to which the applicant intends to put the water is a beneficial use, and (3) whether the application will cause waste of groundwater to occur. 82 O.S.1020.9 (1998). What constitutes a "beneficial use" is not defined by statute. However, certain specific beneficial uses are enumerated in the statutory declaration of purpose of the Oklahoma Groundwater Act.
 It is hereby declared to be the public policy of this state, in the interest of the agricultural stability, domestic, municipal, industrial and other beneficial uses, general economy, health and welfare of the state and its citizens, to utilize the ground water resources of the state. . . .
82 O.S. 1020.2 (1991).
¶ 3 The Legislature has thus identified domestic, municipal, and industrial uses as being beneficial uses. In Lowrey v.Hodges, 555 P.2d 1016 (Okla. 1976), the Oklahoma Supreme Court held, despite the obvious grammatical difficulties, that "agricultural stability" is also a specifically enumerated beneficial use. Id. at 1022. The Court held further that for those uses which are identified in the statute as being beneficial there is no need to introduce evidence as to whether they are beneficial under the particular circumstances of a given case. Id.; see also Hodges v. Oklahoma Water Resources Board,580 P.2d 980, 982 (Okla. 1978); cf. Hodges v. Oklahoma WaterResources Board, 48 OKLA. B.J. 31 (1976) (opinion withdrawn,
49 OKLA. B.J. 1201 (1978)).[1] It should be noted, however, that even when the use itself is beneficial the manner in which the water is applied to that use may be so inefficient as to constitute waste. See 82 O.S. 1020.8 and 82 O.S. 1020.15
(1998).
¶ 4 The Board, pursuant to its statutory rulemaking authority at 82 O.S. 1085.2(7) (1998), has developed regulations which define what constitutes a "beneficial use." They state:
 "Beneficial use" means the use of such quantity of stream or groundwater when reasonable intelligence and reasonable diligence are exercised in its application for a lawful purpose and as is economically necessary for that purpose.
OAC 785:30-1-2.
¶ 5 The Board's rules then go on to identify specific uses which it has determined to be beneficial. "Beneficial uses include but are not limited to municipal, industrial, agricultural, irrigation, recreation, fish and wildlife, etc."Id. Most of these uses are in turn defined by regulation. Id.
¶ 6 Once the Board has determined that an applicant intends to put groundwater to a beneficial use and the other legal requirements are met, the applicant is issued a permit to use a specified amount of groundwater. However, the requirement that the water be put to a beneficial use continues after the permit is issued. A water user may not change uses of the water without a Board determination of the beneficial character of the new use. OAC 785:30-7-1. Thus, if a water user is authorized to withdraw more water than is actually needed for his beneficial use the user may not simply use the additional water as he sees fit. Nor may a user withdraw more water than is necessary for the identified beneficial use, even if his permit authorizes him to do so, for this would constitute waste. 82 O.S. 1020.15 (1998); OAC 785:30-1-3. As the Legislature has provided in the related area of surface water law, "[b]eneficial use shall be the basis, the measure and the limit of the right to the use of water[.]"82 O.S. 105.2(A) (1991).
 IS LAGOON WASTE DILUTION A BENEFICIAL USE?
¶ 7 The use of fresh groundwater to convey animal waste from CAFO lagoons to fields can serve at least three purposes — irrigation, fertilization, and waste disposal. Irrigation is perhaps the classic beneficial use. Not only is it specifically recognized as such by Board regulations, OAC 785:30-1-2, the Oklahoma Supreme Court has held that the Legislature has declared it to be such by statute. Lowrey, 555 P.2d at 1022. Therefore to the extent that fresh water mixed with lagoon waste is used for the purpose of irrigating crops or pasture land it is a beneficial use.
¶ 8 The use of fresh groundwater to convey animal waste to fields for the purpose of fertilization is also a beneficial use. Although it is unclear if it falls under the statutory category of "agricultural stability," fertilization is impliedly a beneficial use under Board regulations. The Board's rules define "irrigation use" to include water used for the "production of food, fiber, crops, timber, fruits [and] nuts." Therefore, to the extent that the water is used for the purpose of fertilizing fields, it is a beneficial use. OAC 785:30-1-2.
¶ 9 The status of water used for waste disposal cannot be so readily determined. "Agricultural use" is defined as "water used for livestock, poultry, fish farms, fish hatcheries, veterinary services, feed lots, etc." OAC 785:30-1-2. Water used to empty sewage lagoons is not water used for livestock. Nor does water used to convey wastes from lagoons which have already been flushed out of feedlots constitute water used for feedlots. Water used for animal waste disposal thus does not clearly fall into any of the established categories of beneficial use. Indeed there is some precedent which indicates that waste disposal is not a beneficial use of water. See In re Water Rights of DeschutesRiver Its Tributaries, 286 P. 563, 577 (Ore. 1930) (using water to carry off debris found not to be a beneficial use). Whether in fact it is a beneficial use is thus subject to determination by the Board in light of the factors outlined in the Board's rules.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The use of fresh groundwater to convey animal waste fromsewage lagoons to fields is a beneficial use of that water to theextent it is done for the purpose of irrigation or fertilization.Whether the use of fresh groundwater for the purpose of wastedisposal is a beneficial use must be determined by the OklahomaWater Resources Board pursuant to 82 O.S. 1020.9U(A) (1998).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
CANNON MILES TOLBERT ASSISTANT ATTORNEY GENERAL
[1] However, in a more recent decision, the holding in Lowrey
was drawn into question by Justice, now Chief Justice, Kauger who would have required an applicant to show "what method of irrigation is intended [and] that the method is the best available." Oklahoma Water Resources Board v. Texas CountyIrrigation and Water Resources Association, 711 P.2d 38, 66
(Okla. 1985) (Kauger, J., concurring). Indeed, this is the approach followed in a number of other states. See ImperialIrrigation District v. Water Resources Control Board,275 Cal. Rptr. 250, 265-6 (Cal.Ct.App. 1990); In re Permit ApplicationNo. 37-7108, 530 P.2d 924, 931-32 (Idaho 1974).